IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jackson Regulo Sierra, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden John R. Owen, )<br>)<br>Respondent. )<br>_____) | Case No. 8:12-cv-00830-GRA-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 25.] Petitioner, proceeding pro se, is a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 20, 2012.[1] [Doc. 1.] On August 6, 2012, Respondent filed a motion for summary judgment. [Doc. 25.] On August 9, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 26.] Petitioner's response in opposition was filed on September 21, 2012.[2] [Doc. 30.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on March 20, 2012. [Doc. 1-3 (envelope stamped by correctional institution on March 20, 2012).]

[2] Pursuant to the *Roseboro* Order, Petitioner's response was due by September 13, 2012. [Doc. 26.] After failing to receive a response from Petitioner, the Court filed an Order on September 19, 2012, allowing Petitioner through October 9, 2012 to respond and advising Petitioner that, if he failed to respond, the Petition would be subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. [Doc. 28.] However, as noted, Petitioner's response in opposition was filed on September 21, 2012, and the response was dated September 19, the same date the Court issued its Order. [Doc. 30.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Currently, and at the time he filed the Petition, Petitioner is incarcerated at FCI Williamsburg, located in Salters, South Carolina. [Doc. 1 ¶ 1.] He was jailed at the Combita prison in Tunja, Colombia on September 27, 2005 and was extradited to the United States on February 15, 2007. [*Id.* ¶ 8; Doc. 25-2 ¶ 4.] He remained in custody through July 11, 2007, when he was sentenced to 84 months imprisonment for conspiracy to import five kilograms or more of cocaine. [Doc. 1 ¶ 7; Doc. 25-1 at 15–38; Doc. 25-2 ¶ 6.]

The Bureau of Prisons ("BOP") has awarded Petitioner 146 days credit for time served for the period from February 15, 2007 to July 10, 2007. [Doc. 1 ¶ 15; Doc. 25-2 at 13.] Petitioner alleges the BOP previously awarded Petitioner an additional 506 days credit for time served at Combita, which was reflected the Sentence Monitoring Computation Data sheets he received on seven occasions. [Doc. 1 ¶¶ 11–13.] Petitioner alleges the BOP subsequently advised him he would receive credit for only the 146 days served in the United States prior to his sentencing. [*Id.* ¶ 15.] Petitioner argues he is entitled to credit for the 506 days served at Combita because the BOP previously represented he would receive 506 days credit for time served and should be estopped from now excluding the 506 days. [*Id.* ¶¶ 17–22; *see* Doc. 30.] Petitioner also argues the BOP's exclusion of his

---

Petitioner asserts his response was delayed because he required the assistance of a translator. [*Id.* at 1.]

2

prior jail time violates the Due Process Clause of the Fifth Amendment. [Doc. 1 ¶ 23.] Petitioner seeks to have his release date recalculated to include credit for the 506 days he spent at Combita. [*Id.* at 7; *see* Doc. 30.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

*Generally*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison

officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997)); *see also Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

### *Calculation of a Term of Imprisonment*

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of the sentence. *Pettey v. Sherman,* No. 05-131, 2006 WL 1878327, at *2 (W.D. Pa. July 6, 2006); *see United States v. Wilson*, 503 U.S. 329, 333–35 (1992). Federal statutes mandate when a federal sentence commences and when a petitioner can receive credit for prior custody:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any

> time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

## **DISCUSSION**[3]

Petitioner contends he is entitled to credit for 506 days served in a foreign prison, which, for a period of years, the BOP represented he would receive. [Doc. 1.] The Court disagrees.

The United States Supreme Court has determined that, under 18 U.S.C. § 3585(b), Congress intended the Attorney General, and not the sentencing court, to determine credits for time served, *Wilson*, 503 U.S. at 333–35; the Attorney General's authority to determine these credits has been delegated to the BOP, 28 C.F.R. § 0.96. As stated,

---

[3] Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks omitted)). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Any arguments not advanced at each step of the administrative appeal are procedurally defaulted. *See Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002). Moreover, if a prisoner cannot obtain an administrative remedy because of his failure to timely appeal at the administrative level, then the prisoner has procedurally defaulted his § 2241 claim, unless the prisoner can demonstrate cause and prejudice for the failure. *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3rd Cir. 1996), *cited with approval in Watkins v. Compton*, 126 F. App'x 621, 622 (4th Cir. 2005); *Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994). Here, Respondent acknowledges Petitioner exhausted the claims advanced in the Petition and has provided Petitioner's administrative requests and responses to his requests. [Doc. 25 at 3; Doc. 25-1 at 3–14.]

pursuant to § 3585(b), the BOP is prohibited from applying any prior custody credit toward a federal sentence unless the prior time served was a result of (1) the offense for which the current sentence was imposed or (2) a charge for which the petitioner was arrested after the commission of the offense for which the current sentence was imposed. 18 U.S.C. § 3585(b). Moreover, § 3585(b) prohibits the BOP from applying prior custody credit toward the federal sentence if the prisoner already received the credit toward another sentence. *Id.*; *see, e.g., United States v. Brown*, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. 1992) (unpublished table decision) (citing 18 U.S.C. § 3585(b)) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence."). As a result, in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

Here, the record reflects that the BOP corrected Petitioner's credit for time served to avoid awarding Petitioner double credit for his prior detention time. After applying a variance to the Guideline range of 108 to 135 months based on the time Petitioner spent in Combita and the conditions of Combita, the sentencing court imposed a sentence of 84 months imprisonment. [Doc. 25-1 at 18 (stating the applicable Guideline range), 32 (imposing 84 month sentence and stating "that additional two months [off the previously discussed sentence of 86 months] is for the conditions of confinement while at La Combita in Colombia. The other variance was for the amount of time that he had spent").] The BOP also credited Petitioner for time served at Combita, but this credit was disallowed after an audit of Petitioner's sentence computation. [*See* Doc. 25-1 at 6, 9, 11 (stating in response to Petitioner's complaints through the Administrative Remedy Program that

Petitioner's request for the 506 days of credit was denied because he had already received the credit in sentencing by way of a departure); Doc. 25-2 ¶¶ 2, 10 (averring Petitioner's sentence data was audited and an error was found in the previous computations) & at 13 (stating Petitioner's sentence monitoring computation data was updated on October 20, 2010 to remove foreign jail credit).] The BOP's correction was within its authority:

> The BOP is vested with the authority by the Attorney General to calculate a federal prisoner's period of incarceration of the sentence imposed. Implicit in this authority is the ability to calculate, and re-calculate, the sentence as changes occur and time is earned and lost, and to correct any inaccurate calculations as they are discovered.

*Morgan v. Morgan*, No. 5:08-HC-2114-FL, 2010 WL 3239080, at *3 (E.D.N.C. Aug. 16, 2010) (citation omitted). Further, the BOP's current computation of Petitioner's time-served credits is in accordance with § 3585(b), which seeks to avoid double crediting a prisoner for time served.[4] *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337. Therefore, the Court concludes Respondent's motion for summary judgment should be granted and the Petition be dismissed because Petitioner has received all of the prior custody credit toward his federal sentence to which he is lawfully entitled, and his federal sentence has been computed correctly in accordance with applicable law.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

---

[4] Although this case is not entirely in accord with *Wilson* because the sentencing court effectively applied credit for time Petitioner served at Combita to Petitioner's sentence, *see Wilson*, 503 U.S. at 333–35 (holding that the Attorney General and not the sentencing court should determine the credit a prisoner should receive under § 3585(b)), the Court concludes the BOP ultimately complied with § 3585(b) by (1) determining what credit the BOP should award for the time Petitioner spent at Combita and (2) refusing to award credit that would essentially be double credit for time served.

9

IT IS SO RECOMMENDED.

Jacquelyn D Austin
United States Magistrate Judge

October 16, 2012
Greenville, SC