UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| Jackson Regulo Sierra, | ) | C/A No.: 8:12-cv-00830-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden John R. Owen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for review of Magistrate Judge Jacquelyn D. Austin's Report & Recommendation filed on October 16, 2012, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C.  ECF No. 33. Petitioner Jackson Regulo Sierra (hereinafter "Petitioner") filed this action on March 26, 2012, pursuant to 28 U.S.C. § 2241.  ECF No. 1.  For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Petitioner, proceeding *pro se*, is an inmate incarcerated at FCI Williamsburg, a facility of the Federal Bureau of Prisons (hereinafter "BOP") located in Salters, South Carolina.  On March 26, 2012, Petitioner commenced this action for Writ of Habeas Corpus in which he alleges that the BOP violated his constitutional rights by refusing to give him credit for time that he served in foreign custody in Colombia.  ECF No. 1.  Prior to being extradited to the United States, he was jailed in Tunja, Colombia, for a period of 506 days.  *See* Report and Recommendation, ECF No. 33 at 2.  Petitioner argues that the BOP previously awarded him credit for the 506 days, and should be estopped from now excluding the credit.  ECF No. 1.  He also contends that the exclusion of the credit violates the Due Process Clause of the Fifth Amendment.  *Id*.  Respondent filed a Motion

for Summary Judgment on August 6, 2012.  ECF No. 25.  Magistrate Judge Austin recommends that this Court grant Respondent's Motion for Summary Judgment and deny Petitioner's § 2241 Petition.  ECF No. 33.

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Respondent has filed a Motion for Summary Judgment.  In order for an action to survive summary judgment a genuine issue of material fact must exist.  Fed. R. Civ. P. 56.  A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings.  Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71

(1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Furthermore, a failure to object waives a petitioner's right to appeal.[1] *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984). In the instant case, Petitioner did not file any objections to the Report and Recommendation.

After a thorough review of the Report and Recommendation, this Court finds that it applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment is GRANTED and Petitioner's § 2241 petition is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November  7 , 2012
Anderson, South Carolina

---

[1] In *Carr v. Hutto*, the Fourth Circuit held that a *pro se* habeas petitioner was precluded from seeking appellate review of the District Court's adoption of the magistrate judge's report and recommendation, because he had not objected to the report. 737 F.3d 433, 434. In *Wright v. Collins*, the Court held that a petitioner will be able to appeal if he/she was not properly warned of the consequences of failing to object to the report. In this case, Petitioner received a copy of the Report and Recommendation, as well as a "Notice of Right to File Objections to the Report and Recommendation." The Notice explicitly, and in bold lettering, stated: "Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based on such Recommendation." ECF No. 33-1.